UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED AUTOMOBILE WORKERS LOCAL 259 SOCIAL SECURITY DEPARTMENT, and UNITED AUTOMOBILE WORKERS LOCAL 259 PENSION FUND | : : : : : : | |
| Plaintiffs, | : : | Civ. No. 13-1974 (FSH) |
| v. | : : : | |
| MASSAPEQUA IMPORTS LTD. (d/b/a LEXUS OF ROCKVILLE CENTRE), and JOHN STALUPPI, | : : : : | REPORT AND RECOMMENDATION |
| Defendants. | : : | |

## I. INTRODUCTION

Presently before the Court is the motion of defendants Massapequa Imports Ltd. and John Staluppi to stay and compel arbitration. ECF No. 11. United States District Judge Faith S. Hochberg referred this matter to the Undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth herein, the Undersigned respectfully recommends that the Motion to Stay and Compel Arbitration should be denied.

## II. BACKGROUND

United Automobile Workers Local 259 Social Security Department and United Automobile Workers Local 259 Pension Fund ("Plaintiffs" or "the Funds") initiated this action after an auditor allegedly discovered delinquent and unpaid contributions to the Funds. Massapequa Imports Ltd. and John Staluppi (collectively "Defendants") have filed this motion to stay this action and compel arbitration. Defendants allege that a collective bargaining agreement

("CBA") between Massapequa Imports and United Automobile Workers Local 259 ("the Union" or "Local 259") requires the dispute be sent to binding arbitration. Plaintiffs oppose Defendants' motion because they argue they are a separate entity from the Union, are themselves not a signatory to the CBA, and therefore cannot be bound by it. See Pls.' Opp'n Mem., ECF No. 14, at 3.

The non-party Union and Defendant Massapequa Imports are signatories "to the collective bargaining agreement[,] . . . effective from April 1, 2004 through March 31, 2008, extension memoranda of agreements, and subsequent memorandum of agreement effective from August 1, 2011 through July 31, 2016." Def. Mot. to Stay, ECF No. 11, at 1. Pursuant to Section 16 of the CBA and its extensions, Massapequa Imports and the Union agreed to arbitrate grievances between themselves. CBA, Exh. A attached to Mem. Supp. Mot., ECF No. 12-1, at 18 (stating that the grievance procedure is established to resolve "grievance[s] or dispute[s] aris[ing] between the Employer and the Union"). Pursuant to Sections 30 and 31 of the CBA and its extensions, "Massapequa Imports agreed to contribute on a monthly basis to the [Funds] . . . so that the Funds would provide health and pension benefits to Massapequa Imports' employees." Pls.' Opp'n Mem., ECF No. 14, at 1 (citing Compl., ECF No. 1-3, Exh. C). Additionally, "Massapequa Imports agreed to adopt the terms of the Trust Agreements that govern the Funds." Id.; see Pension Fund Trust Agreement, Exh. A attached to Compl., ECF No. 1-1; Health Fund Trust Agreement, Exh. B attached to Compl., ECF No. 1-2.

In 2012, pursuant to the Trust Agreements, the Funds performed a payroll audit of Massapequa Imports to assure that Massapequa Imports' contributions complied with Sections 30 and 31 of the CBA for the January 1, 2009 to December 31, 2011 period. Pls.' Opp'n Mem.,

ECF No. 14. The auditor allegedly discovered "that a total of $24,143.01 was due to the Pension Fund and $7,271.92 was due to the Health Fund." Id. Massapequa Imports disagreed, contested the auditor's findings, and refused to pay the alleged unpaid amounts. Id. Massapequa Imports argued that "the audit findings were based on the auditor's improper application of the formulas proffered by the CBA for contributions to the Funds." Id. at 3. Thereafter, "the Funds initiated this legal action against Massapequa Imports and John Staluppi." Id. at 2. The Funds filed the Complaint in this matter on March 28, 2013. ECF No. 1. Defendants subsequently filed the instant motion to stay this litigation and compel arbitration. ECF No. 12.

### III. PARTIES' ARGUMENTS

The arguments are straightforward. Defendants allege that Section 16 of the CBA, the arbitration provision, governs this dispute and therefore the Court is not the proper forum for its resolution. Def. Br., ECF No. 12. According to Defendants, the contractual obligation is legally enforceable and it controls any dispute resolution, even as to the Funds. Therefore, the pending civil action should be stayed and arbitration should be compelled pursuant to the CBA.

Plaintiffs counter that although the Union is bound by the arbitration provision, the Funds are a distinct party, are not a signatory to the agreement, and are not bound by it. "While Local 259 is party to a valid arbitration agreement, Local 259 is not the same thing as the Plaintiffs." Pls.' Opp'n, ECF No. 14, at 3 n.1. Therefore, Plaintiffs contend that "nothing in the collective bargaining agreement or either of the Trust Agreements establishes that the Funds or its trustees ever agreed that it must arbitrate disputes." Id. at 5. Plaintiffs point to the Supreme Court's decision in Schneider Moving & Storage Company v. Robbins, 466 U.S. 364 (1984), for support. Plaintiffs contend Schneider Moving held that "because the benefit funds were not parties to the

3

collective bargaining agreement . . . the funds were not required to arbitrate the dispute and could proceed in federal court." Pls.' Opp'n Mem., ECF No. 14, at 6.

IV. DISCUSSION

Generally, only a union and employer are bound to a collective bargaining agreement's arbitration provision unless there is some other evidence that those parties intended to bind a third party.[1] Schneider Moving, 466 U.S. at 372-74. Schneider Moving was a case involving a collective bargaining agreement between a union and two employers that provided for two multi-employer trust funds. The collective bargaining agreement also stipulated that all grievances must be resolved through arbitration. Upon discovery of failure to contribute to the trust funds, the trustees of the funds filed complaints against the employers. The Supreme Court concluded that because the funds were not a signatory to a collective bargaining agreement, the funds were not bound by the arbitration provision. Schneider Moving, 466 U.S. at 374. In reaching this conclusion, the Supreme Court relied not only on the terms of the agreement and the construction of those terms, but also cited to significant public policy reasons. For example, arbitration between an employer and a union "promotes labor peace because it requires the parties to forgo the economic weapons of strikes and lockouts." Id. at 372. By contrast, "[b]ecause the trustees

---

[1] The Court recognizes that once it has been established there is an applicable arbitration provision, there is a presumption of arbitrability pursuant to the Federal Arbitration Act. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983) (finding that the Federal Arbitration Act demonstrates Congress's intent "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible"). Before that presumption can arise, however, there must first be an arbitration provision binding the relevant parties. In Schneider Moving, the Supreme Court found that "the presumption of arbitrability is not a proper rule of construction in determining whether arbitration agreements between the union and the employer apply to disputes between trustees and employers." Schneider Moving, 466 U.S. at 372.

4

of employee-benefit funds have no recourse to either of those [economic] weapons, requiring them to arbitrate disputes with the employer would promote labor peace only indirectly, if at all." Id.

Here, as in Schneider Moving, the union and the Massapequa Imports entered into a collective bargaining agreement containing an arbitration provision as between those two parties. The Funds were not a party to the CBA, but Massapequa Imports agreed in the CBA to contribute to the Funds. When defendants allegedly failed to pay in full their obligations to the Funds, the Funds brought suit. The relevant facts here closely resemble the circumstances in Schneider Moving. Most importantly, the Funds and the Union are distinct legal entities and the Funds did not sign or agree to the CBA. The explicit terms of the CBA provide only the employer and the Union with the ability to demand arbitration; nowhere in the CBA is this power granted to the Funds. See CBA, Exh. A attached to Mem. Supp. Mot., ECF No. 12-1, Section 16, at 18. Further, the Funds do not have the ability to strike or engage in a lockout, and thus arbitration provision in the CBA is not likely to promote labor peace between the Funds and Massapequa Imports. Therefore, this Court finds, as in Schneider Moving, that the arbitration provision does not apply to the dispute between the Funds and Massapequa Imports. Schneider Moving, 466 U.S. at 374-75; see also Teamsters-Employer Local No. 945 Pension Fund v. Acme Sanitation Corp., 963 F. Supp. 340 (D.N.J. 1997) (following Schneider Moving and finding that funds were not required to submit to CBA arbitration provision); Bakery & Confectionery Union & Industry Int'l Pension Fund v. Baldanza Bakery, Inc., No. 91-258, 1991 U.S. Dist. LEXIS 16966, at *3 (D.N.J. Nov. 18, 1991) (following Schneider Moving and finding "that the trustees have the power to bring this action to recover contributions due to the Pension Fund"); Trucking

Employees of North Jersey Welfare Fund, Inc. v. Brockway Fast Motor Freight Co., 130 F.R.D. 314, 317 (D.N.J. Nov. 2, 1989) ("In interpreting the Collective Bargaining Agreement, this Court is guided by the analysis outlined in Schneider Moving.").

Nevertheless, a dispute may still be arbitrable if it is clear that parties to an agreement "intended to condition the trustees' contractual right to seek judicial enforcement of the trust agreements on exhaustion of the arbitration procedures set forth in the collective-bargaining agreements." Schneider Moving, 466 U.S. at 371. But absent evidence of an intent to arbitrate, the Funds cannot be compelled to do so. Id. at 376. Therefore, the Court must examine both the CBA and the Trust Agreements. Having done so, this Court detects no indication that the Union or Massapequa Imports intended to restrict the Funds to arbitration. In fact, the evidence suggests the opposite. Section 16 is limited to disputes that arise between "the Employer and the Union." CBA, Exh. A attached to Mem. Supp. Mot., ECF No. 12-1, at 18. There is no mention of the Funds anywhere within Section 16. With regards to the Funds' Trust Agreements, the agreements expressly permit the use of legal proceedings to compel and enforce payment of delinquent contributions. Pursuant to Article III, Section 3(e) of the Pension Fund Trust Agreement, the Pension Fund's trustees may "[i]nstitute any suit or legal proceeding of any kind or nature on behalf of the Pension Plan and Fund." Compl., ECF No. 1-1, Exh. A, at 18. Likewise, pursuant to Article III, Section 3(e) of the Health Fund Trust Agreement, the Health Fund's trustees may "[i]nstitute any suit or legal proceeding of any kind or nature on behalf of the Plan and Trust Fund." Compl., ECF No. 1-2, Exh. B, at 13. The parties agreed to allow the Funds to utilize a suit or legal proceeding; there is no suggestion that any party intended to limit the Funds to arbitration.

Because there does not exist a arbitration provision binding on the Funds or evidence of the an intent to limit the Funds to arbitration, this Court must conclude that the CBA and its arbitration provision do not govern this dispute, and that Plaintiffs may proceed in this Court.

**V. CONCLUSION**

For the reasons set forth above, the Undersigned respectfully recommends that the District Court deny Defendants' motion to stay this litigation and compel arbitration. Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen days to file objections to this Report and Recommendation within 14 days.

Date: August 14, 2013                    s/*Michael A. Hammer*
                                         UNITED STATES MAGISTRATE JUDGE